UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-21138-BLOOM/Otazo-Reyes**

RANDY TORRAO,

    Plaintiff,

v.

VIRGIN CRUISES INTERMEDIATE
LIMITED, INC., *a Bermuda Corporation*,
*and* V CRUISES US LLC, *d/b/a* VIRGIN
VOYAGES, *a Florida Limited Liability
Company*,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S UNOPPOSED MOTION TO AMEND THE COMPLAINT BY INTERLINEATION

**THIS CAUSE** is before the Court on Plaintiff Randy Torrao's ("Torrao") Unopposed Motion to Amend the Complaint by Interlineation to Correct Scrivener's Error as to Correct Name of Defendant, ECF No. [22] ("Motion"). The Court has considered the Motion, the record in the case, and is otherwise fully advised.

This is a maritime personal injury action wherein Torrao alleges he slipped, fell, and injured himself while descending a staircase aboard the *Scarlet Lady*. *See, e.g.*, ECF No. [1] ¶¶ 17-20; *see also id.* ¶ 6 ("The events and injuries alleged . . . occurred on navigable waters, while the passenger cruise vessel 'SCARLET LADY' operated by the Defendants was at sea. The events and injuries alleged . . . arose from acts or omissions connected to a traditional maritime activity, the operation of a passenger cruise vessel."). Torrao asserts the following four Counts: Negligent Maintenance (against Defendant Virgin Cruises Intermediate Limited, Inc. ("VCIL")) (Count I), Negligent Failure to Warn (against VCIL) (Count II), Negligent Maintenance (against V Cruises

US LLC ("V Cruises")) (Count III), and Negligent Failure to Warn (against V Cruises) (Count IV). *Id.* ¶¶ 12-59.

On June 2, 2023, V Cruises filed a Motion for Judgment on the Pleadings. ECF No. [16] ("12(c) Motion"). V Cruises argues in the 12(c) Motion that Torrao improperly named it as a Defendant in this matter because the ticket contract described in the complaint ("Ticket Contract")[1] establishes that VLCI owned and operated the *Scarlet Lady*, so judgment on the pleadings is warranted in its favor. ECF No. [16] at 2. Since V Cruises served the Motion on June 2, 2023, a Response was due on June 16, 2023 pursuant to Local Rule 7.1(c)(1). Torrao did not timely respond by the latter date, so the Court entered an Order requiring Torrao to file a Response no later than June 27, 2023. The Court cautioned Torrao that it shall consider the merits of the Motion without the benefit of a response should Torrao fail to file the Response. Torrao failed to timely respond. Thus, the Court expended judicial resources in considering the merits of the Motion without the benefit of a response, the record in this case, and the applicable law.

On June 29, 2023, however, Torrao filed the instant motion. Torrao represents that, since filing the Complaint, he learned he erroneously named an improper Defendant, V Cruises, and that VCIL is the sole Defendant in this action. ECF No. [22] ¶ 2. Accordingly, Torrao requests the Court allow him to amend the Complaint by interlineation to dismiss Count III and Count IV against V Cruises so that VCIL would be the sole Defendant in this case. *Id.* at 3. Defendants do not oppose the Motion. *Id.*

---

[1] *See* ECF No. [1] ¶ 9 ("In the operative ticket contract, the Defendants require fare paying passengers such as the Plaintiff to bring any lawsuit against them arising out of injuries or events occurring on the cruise voyage in this federal judicial district."), ¶ 11 ("Plaintiff has complied with all conditions precedent to bringing this action, including providing timely notice following the incident in question as required by the ticket contract.").

Case No. 23-cv-21138-BLOOM/Otazo-Reyes

Courts in this District have allowed plaintiffs to substantively amend a complaint by interlineation where defendants do not object. *See Lehman v. Eldridge*, No. 11-23973-CIV, 2012 WL 12844560, at *3 (S.D. Fla. Jan. 27, 2012) (granting motion to amend complaint by interlineation to correct failure to adequately allege the court's subject matter jurisdiction where defendants did not oppose motion). Therefore, the Court grants the Motion to allow Torrao to do so here.[2]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [22]**, is **GRANTED**;
   a. Counts III and IV of the Complaint, ECF No. [1], against Defendant V Cruises US LLC are **DISMISSED**;
   b. The above-styled case is **DISMISSED WITH PREJUDICE** as to Defendant V Cruises US LLC **ONLY**;
   c. Each party shall bear its own attorneys' fees and costs;
2. Defendant V Cruises US LLC's Motion for Judgment on the Pleadings, **ECF No. [16]**, is **DENIED AS MOOT**; and
3. The case against Defendant Virgin Cruises Intermediate Limited Inc. shall remain **OPEN**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 29, 2023.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

---

[2] The Court reminds Torrao that failure to comply with any of the Local Rules may result in the imposition of appropriate sanctions. ECF No. [13] at 6-7.